No. 109.—WILLIAM CROSBY *v.* JERRY H. TUCKER.

A party having given his promissory note for the price of land purchased, is debarred from setting up that the valuation of the land was estimated in a depreciated or unlawful currency. Nor can he set up that a previous holder was willing to take an unlawful currency in payment of the note.

APPEAL from the Tenth District Court, parish of DeSoto. *Weems, J. C. M. Pegues,* for plaintiff and appellee. *R. J. Bowman,* for defendant and appellant.

WYLY, J. The defendant appeals from a judgment against him on a promissory note given in part payment for a tract of land in the parish of DeSoto.

*First*—The defense is that the amount of the sale was fixed in Confederate prices, which was to gold as three to one.

*Second*—The payee of said note received the first installment for the land in Confederate notes, and agreed to receive the same currency for the note sued on.

The defendant alleged and proved that the plaintiff acquired the note after its maturity. The original consideration thereof can therefore be inquired into.

The note is described in the act of sale as evidencing part of the price of the land; there is no mention either in the note or deed of any agreement to take Confederate money. The consideration is admitted to be the price of the land. We cannot perceive the force of the defense urged. That the original payee and vendor received the first installment from him in Confederate money, or that he, in conversation, expressed a willingness to receive Confederate money in payment of the note, does not taint it with immorality. It is no defense to a note having a lawful consideration that a previous holder was willing to take an unlawful currency in payment thereof.

Nor can the purchaser claim an abatement of his contract because he estimated the property bought in a depreciated and unlawful currency. For a lawful and valuable consideration he bound himself unconditionally to pay *in dollars* the amount expressed in the note sued on, and he can not evade the obligation he has contracted.

It is therefore ordered that the judgment appealed from be affirmed with costs.